Neiman Ginsburg & Mairanz P.C.
Attorneys for Yoni Klahr
39 Broadway, 25th Floor
New York, New York 10006
(212) 269-1000
Gary Ginsburg, Esq. (GG-3028)

Firm # 13-3399387

Presentment Date: September 4, 2003
Time: 10:00 a.m.

Objections Due: August 29, 2003
Time: 4:00 p.m.

Hearing if Objections: September 16, 2003
Time: 9:30 a.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT CENTRAL ISLIP
----------------------------------------------------------x

In re:

ALLOU DISTRIBUTORS, INC., *et al.*,

                Debtors.
----------------------------------------------------------x

Chapter 11
Case No. 03-82321-511

Jointly Administered

## PARTIAL OBJECTION OF YONI KLAHR TO THE TRUSTEES PROPOSED ORDER FOR DOCUMENT PRODUCTION AND DATES FOR EXAMINATION AND PRODUCTION

TO:    HONORABLE MELANIE L. CYGNOWSKI
        UNITED STATES BANKRUPTCY JUDGE

1. Yoni Klahr, a former warehouse manager for one of the Debtor's affiliates, and not a shareholder, director or an officer, nor related to any officer, shareholder or director of the Debtor or any of its affiliates, either by blood or marriage, by his counsel, Neiman Ginsburg & Mairanz P.C. hereby objects to the improperly broad scope of the proposed order which seeks documents that are not related to the Debtor, are personal in nature and protected by law, as well as to the short time frame the Trustee seeks to give the witness to produce the documents, *i.e.* 5 days before his examination with the examination to take place upon 10 days notice.

2. In particular, while a Bankruptcy Rule 2004 examination is a "fishing expedition", B.R. 2004 (b) states its limitations so that it

> "may relate only to the acts, conduct or property or to the liabilities

and financial condition <u>of the debtor</u> or to any matter which may affect the administration of the debtor's estate...."

Certainly the foregoing does not give the Trustee the right to examine or require the production of the documents he seeks in the 4th decretal paragraph of the Proposed Order which relate solely to the Witness's personal property as sought in

(b) to the extent it seeks information relating to the Witness' individual brokerage or, bank accounts together with copies of all account statements, checks, *etc.*

(f) to the extent it seeks the Witness' personal financial statement, credit or loan applications he individually made, on his own behalf, to any financial, brokerage or other institution.

(h) is totally personal and not related to the Debtor at all.

(i) is totally personal and not related to the Debtor at all.

(j) is totally personal, not related to the Debtor and is even protected by law such that the Internal Revenue Service is not permitted to give copies of individual tax returns to other government agencies.

(l) is totally personal to the witness and not related to the Debtor at all.

3. In addition, the time frame the Trustee seeks within which to examine is upon 10 days notice with production required to be made within 5 days prior thereto.

This fails to allow reasonable time for compliance.

It is requested that examination take place not before October 20, 2003 to accommodate the witness' counsel's; observance of the various Jewish Holydays that occur at this time of year.

4. Accordingly it is respectfully requested that sub paragraph (b), and (f) of the proposed Order as they relate solely to the witness personal matters be stricken and sub paragraphs (h), (i), (j)

and (l) of the proposed Order also be stricken in as much as they are personal in nature having nothing to do with the Debtor and for which the movant has not made out any showing to justify such an invasion of the witness' right to privacy.

Dated: New York, N.Y.
August 29, 2003

                                        Neiman Ginsburg & Mairanz P.C.
                                        Attorney for Yoni Klahr

                                        By:      <u>s/ Gary Ginsburg</u>
                                                  Gary Ginsburg (GG-3028)
                                                  39 Broadway 25th Floor
                                                  New York, NY 10006
                                                  (212) 269-1000

| | |
|---|---|
| Neiman Ginsburg & Mairanz P.C.<br>Attorneys for Yoni Klahr<br>39 Broadway, 25th Floor<br>New York, New York 10006<br>(212) 269-1000<br>Gary Ginsburg, Esq. (GG-3028) | Firm # 13-3399387<br><br>Presentment Date: September 4, 2003<br>Time: 10:00 a.m.<br><br>Objections Due: August 29, 2003<br>Time: 4:00 p.m. |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK    Hearing if Objections: September 16, 2003
AT CENTRAL ISLIP                                Time: 9:30 a.m.
---------------------------------------------------------x
In re:                                          Chapter 11
                                                Case No. 03-82321-511
ALLOU DISTRIBUTORS, INC., *et al.*,
                                                Jointly Administered
                    Debtors.
---------------------------------------------------------x

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK  )

      YISROEL KLAHR hereby affirms under penalty of perjury and says as follows: I am not a party to the action, am over eighteen (18) years of age, and reside in Brooklyn, New York.

      On August 29, 2003, I served a true copy of the within Parital Objection of Yoni Klahr to the Trustee's Proposed Order for Document Production and Dates for Examination and Production upon Kenneth P. Silverman, Esq. of Silverman Perlstein and Acampora LLP by personally delivering same to their offices, located at 100 Jericho Quadrangle, Suite 300, Jericho, NY 11753 (the address designated by said attorneys for service of papers).

                                                                               s/ Yisroel Klahr
                                                                               Yisroel Klahr

F:\WPDOC\Dixie EMS\obj aos 829.wpd