LEO FOX, ESQ. (LF 1947)
630 Third Avenue
New York, New York 10017
(212) 867-9595

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

IN RE:                                          Chapter 11
                                                Case No. 03-82321
                                                (Jointly Administered)
ALLOU DISTRIBUTORS, INC., <u>et. al.</u>

                        Debtor.

----------------------------------------------------------X

**OBJECTION TO TRUSTEE'S NOTICE OF PRESENTMENT
AND ORDER FOR EXAMINATION AND DOCUMENT
<u>PRODUCTION PURSUANT TO RULE 2004</u>**

TO:   HONORABLE MELANIE L. CYGNOWSKI
      UNITED STATES BANKRUPTCY JUDGE:

      H.I.L. Associates Ltd. and Tereza Merchandising, by their attorney, Leo Fox, as and for its Objection (the "Objection") to the Notice of Presentment and Order (the "Order") providing for an examination and production of documents pursuant to Bankruptcy Rule 2004, respectfully represent as follows:

      1.     On August 22, 2003, the chapter 11 Trustee (the "Trustee") for Allou Distributors, Inc. (the "Debtors"or "Allou"), through his attorneys, Silverman, Perlstein & Acampora LLP, filed a Notice of Presentment and Order (the "Order") for Production pursuant to Bankruptcy Rule 2004 ("Rule 2004") to examine H.I.L. Associates Ltd. and Tereza Merchandising (the "Witnesses"). However, counsel for the Witnesses believes that the Order seeks to engage the Witnesses in a "fishing expedition." Despite this,, the Witnesses have indicated to counsel that they will undertake in good faith a diligent search for relevant documents, although they will require additional time in view of the forthcoming Jewish holidays.

2. Rule 2004(b) limits examination of witnesses and documents to "acts, conduct, or property or to the liabilities and financial condition **of the debtor,** or to any matter which may affect the administration of the **debtor's estate**, or to the **debtor's** right to discharge." (emphasis added). While counsel for the Witnesses concedes that Rule 2004 permits a certain amount of "fishing," this particular expedition calls for discovery of (a) entities that are not parties to this chapter 11 proceeding and (b) assets that are not relevant and unrelated to the Debtors' estates.

3. The scope of the proposed order is beyond that provided by Rule 2004 because it is overly burdensome, extremely broad, and seeks documents that are both unrelated to the Debtor and personal in nature to the Witnesses.

4. Furthermore, pursuant to Bankruptcy Code section 541(a) (the "Code"), property of a debtor's estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." In the Order, the Trustee requests documents that are neither classified as nor related to property of the Debtors' estates in this proceeding. Rather, many if not most of the documents requested are personal in nature to the Witnesses and have nothing to do with the Debtors' estates.

5. Therefore, neither Rule 2004 nor Code § 541(a) permit the Trustee to request or examine the mountains of documents requested in the fourth (4th) decreetal paragraph of the Order to the extent that the Order seeks documentation relating to:

    (b)    the Witness' individual bank and/or brokerage accounts, which are are both confidential in nature and unrelated to the Debtors' chapter 11 proceedings;

    (e)    the Witness' individual financial statements and credit/loan applications submitted solely on behalf of the Witnesses to any financial, brokerage, or other institution are both confidential in nature and unrelated to the Debtors' chapter 11 proceedings;

    (g)    the Witness' interests in any entity, partnership, public or private corporation or other business association, other than Allou, as well as the cost basis and consideration provided to obtain such interests are both confidential and unrelated to the Debtors' chapter 11 proceedings;

(h) the Witness' interest in any securities, of whatever kind or nature, is both confidential and unrelated to the Debtors' chapter 11 proceedings; and

(i) the Witness' federal, state, and local tax returns are not related to the Debtors' chapter 11 proceeding and protected by law such that the Internal Revenue Service is not required to furnish copies of individual tax returns to third parties.

6. The time frame for production, i.e., five (5) days before the examination with the examination to take place upon ten (10) days notice, does not allocate sufficient time for compliance enabling the Witnesses to locate and produce the requested documents. Furthermore, it is requested that the Rule 2004 examination be postponed to a date after October 20, 2003 to accommodate the religious observances of the Witnesses and their counsel as to the Jewish High Holy Days that fall during this time period.

7. For the foregoing reasons, we respectfully request that the requests for documents sought to be produced in sub paragraphs (b), (e), and (h) of the fourth (4th) decreetal paragraph of the Order be denied as relating to the Witness' individual interests, and that sub paragraph (i) of the fourth (4th) decreetal paragraph of the Order be deleted in its entirety because the documents sought to be produced are completely unrelated to the Debtors' chapter 11 proceeding, together with any and other such relief as this Court deems just and proper.

Dated: New York, New York
September 2, 2003

LEO FOX, ESQ.

\_\_\_\_/s LEO FOX_____

LEO FOX (LF-1947)
630 Third Avenue
New York, New York 10017