The Lichtman Law Firm
62 William Street, 9th Floor
New York, New York 10005
Aaron Lichtman (ACL#1186)
Tara Rosenbaum (TR#0073)
Tel. No. (212) 747-9000

Hearing Date: January 5, 2004
Hearing Time: 9:30 a.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

───────────────────────────────────
                                 :

In re:                               :

                               :

      ALLOU DISTRIBUTORS, INC., ET AL.,   :     Chapter 7
                               :     Case No. 03-82321-511

                               :

                    Debtors.    :

───────────────────────────────────

MOTION TO QUASH SUBPOENA FOR
RULE 2004 DOCUMENT PRODUCTION AND EXAMINATION

Aaron Lichtman hereby moves this Court for an Order pursuant to FRCP Rule 45(3)(A) quashing the Subpoena for Rule 2004 Document Production and Examination served upon him and respectfully represents as follows:

1.      On November 18, 2003 a Federal Express package was delivered to 62 William Street, 9th Floor, New York, New York and was addressed to Aaron Lichtman. Mr. Lichtman was not in the office or the state at the time and thereafter Tara Rosenbaum opened the Federal Express package to determine what its contents were revealing a purported Subpoena for Rule 2004 Document Production and Examination.

2.      While the Subpoena indicates that it is court ordered, it is believed that the Court may have been unaware that there is no entity termed the Lichtman Law Firm, LLC which is known to exist and if the same does exist, Aaron Lichtman is not a member.

3.    In addition, it is further believed that there may have been a representation to the Court that Aaron Lichtman was a party in interest or had filed a Notice of Claim in the Bankruptcy Court proceeding.  It is not believed that Aaron Lichtman is a party to any action pending in the Bankruptcy Court or a creditor or debtor in the bankruptcy at issue.

4.    The subpoena requires that the witness produce for examination and inspection the following:

> (a) any and all books or records pertaining to the Debtors, Jacob Jacobs a/k/a Jacob Jacobowitz a/k/a Jacob Jacobvitz, Herman Jacobs a/k/a Herman Jacobowitz a/k/a Herman Jacobvitz, Victor Jacobs a/k/a Victor Jacobowitz a/k/a Victor Jacobvitz, their affiliates, assignees or transferees, which the Witness has in its actual or constructive possession, custody or control or otherwise has access to, from January 1, 1997 through the present, including but not limited, to corporate formation documents, shareholders' agreement, and limited liability formation agreement and documents;
>
> (b) an accounting of any and all payments received, in any form whatsoever, including but not limited to, wire transfers and checks, by the Witness on behalf of the Debtors or any principals of the Debtors for, on account of, or on behalf of the Debtors, or their affiliates, assignees or designees;
>
> (c) any and all correspondence or communications of any kind by and between the Witness and the Debtors or the officers, affiliates, assignees or transferees of the Debtors, or any of the family members or any of the foregoing individuals from January 1, 1997 through the present; and
>
> (d) a complete closing binder for all transactions conducted by the Witness, for which the Debtor, the Debtor's principals or their affiliated companies had any interest whether legal or equitable in nature.

5.    The above list of requested documents is vague, overbroad, and unduly burdensome. In addition, the list fails to set forth with particularity the identity of the "affiliates, assignees, transferees, designees or affiliated companies" and seeks to have Mr. Lichtman guess at the identity of any "affiliates, assignees, transferees, designees or

affiliated companies" of the Debtor or the individuals. Aaron Lichtman does not believe that he ever represented Allou Distributors, Inc. and is not familiar enough with the matter to know who is indicated in "et al." or who is affiliated therewith.

6. So that the Court is not misled, there was one failed transaction that Aaron Lichtman was involved in involving a proposed real estate transaction where the potential purchaser was represented by Silverman Perlstein & Acampora LLP. The transaction was not consummated and our understanding is that it was not consummated because counsel for the potential purchaser suggested a structure (a ninety nine year lease) which would have had the effect of potentially defrauding creditors. The nature of Mr. Lichtman's discussions and correspondence with his clients and the advice that was given to them concerning declining the prospective purchaser's offer is believed to be subject to the attorney client privilege and in any case, it is believed that the Trustee at issue may have a conflict of issue in that particular matter in that it represented the potential purchaser.

7. Furthermore, any other representation, to the extent such representation existed with any "affiliates, assignees, transferees, designees or affiliated companies" of the Debtor, may be subject to the attorney client privilege in that Aaron Lichtman engages in both the practice of civil litigation and transactional matters.

8. Mr. Lichtman further objects to the subpoena requiring his attendance at a deposition on December 1, 2003. Pursuant to Rule 2004(e) of the Federal Rules of Bankruptcy Procedure, "An entity other than a debtor shall not be required to attend as a witness unless lawful mileage and witness fee for one day's attendance shall be first tendered.". No such witness fee or mileage accompanied the Subpoena for Rule 2004 Document Production and Examination.

9.     For the foregoing reasons, Mr. Lichtman requests that this Court issue an

Order quashing the Subpoena for Rule 2004 Document Production and Examination and

that this Court require that any future subpoena set forth with specificity what entities or

persons to which it relates, that adequate notice be tendered and the same be personally

served upon Aaron Lichtman or alternatively that arrangements be made at the mutual

convenience of the parties to provide documents and depositions.  The specificity and

time is necessary to ensure that Aaron Lichtman will be able to protect the rights of

clients who utilize his services and their expectation of privacy and that the attorney

client privilege will not be violated.

10.     Aaron Lichtman is and has been during all relevant periods of time, except

a brief period where he flew back over the past weekend to see his family, residing in the

State of Florida and engaged as counsel Pro Hac Vice in a matter pending in the Circuit

Court of the 13th  Judicial Circuit in and for Hillsborough County, Florida before the

Honorable Sam Pendido.

WHEREFORE, Mr. Lichtman respectfully requests that this Court grant the

Motion for an Order pursuant to FRCP Rule 45(3)(A) quashing the Subpoena for Rule

2004 Document Production and Examination.

Dated: New York, New York
       November 25, 2003

                                    THE LICHTMAN LAW FIRM

                                    By:  s/ Tara Rosenbaum for Aaron Lichtman
                                         Aaron Lichtman
                                         Tara Rosenbaum
                                         62 William Street, 9th Floor
                                         New York, New York 10005
                                         (212) 747-9000
                                         (212) 747-9090 Fax